UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00084-FDW

| RODNEY A. KOON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| ERIC A. HOOKS, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Rodney A. Koon's amended pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 17.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty on June 2, 2014, in Buncombe County Superior Court to two counts of felony death by motor vehicle and one count of involuntary manslaughter of an unborn child. (Am. § 2254 Pet. 1, Doc. No. 17.) According to Petitioner's version of the facts, his blood pressure medication caused him to black out, and he crashed the limousine he was driving, killing two adults, one of whom was pregnant. (Mot. to Reconsider 1-2, Doc. No. 12.) It appears that in exchange for Petitioner's plea, the State dismissed a drug offense (Mot. for Prelim. Inj. 2, Doc. No. 5) and/or an impaired driving offense (cocaine) (Mot. to Reconsider 2). The trial court imposed two consecutive six to eight year prison sentences. (Am. § 2254 Pet. 1.)

Petitioner did not file a direct appeal. (Am. § 2254 Pet. 2.) The Amended Petition does not indicate that Petitioner sought post-conviction relief in the state courts. (Am. § 2254 Pet. 3-4, 5-6.)

On October 24, 2016, Petitioner filed a complaint pursuant to 42 U.S.C. § 1983 in the

United States District Court for the Eastern District of North Carolina. (Compl., Doc. No. 1.) After conducting a frivolity review, that court dismissed the Complaint without prejudice. (May 11, 2017 Order, Doc. No. 10.)

On or about June 19, 2017, Petitioner mailed a motion for appropriate relief ("MAR") to the Buncombe County Superior Court. See Appl. for Writ of Mandamus 1, In re: Koon, No. P17-538 (N.C. Ct. App. filed July 28, 2017).[1] At some point prior to December 15, 2017, the Buncombe County Superior Court issued an order related to the MAR. (Order Dismiss. Cert. Pet., Doc. No. 17-1.) Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court on December 15, 2017, seeking review of the Buncombe County Superior Court's order. (Id.)

On the same date, Petitioner filed a document titled "Motion to Amend Pro-se Complaint – Pursuant to F. R. Civ. P. 59(E)" in the Eastern District of North Carolina requesting that his § 1983 Complaint be construed as a petition for writ of habeas corpus, 28 U.S.C. § 2254, and amended to include an ineffective assistance of counsel claim. (Doc. No. 12.) On March 1, 2018, the North Carolina Supreme Court dismissed Petitioner's certiorari petition. (Doc. No. 17-1.) On March 30, 2018, the Court for the Eastern District issued an Order construing Petitioner's Motion to Amend as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), granted the motion, ordered that the action be re-instated as a § 2254 petition, and transferred it to this Court, where venue is proper. (Doc. No. 13.)

Subsequently, this Court notified Petitioner that his original pleading does not comply with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires that habeas petitions follow a specific format. (Rule 2 Order, Doc. No. 15.) The

---

[1] Available at the North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://www.ncappellatecourts.org.

Clerk of Court mailed Petitioner a blank § 2254 form proscribed for use in this Court, and Petitioner was instructed to complete it, sign it under penalty of perjury, and return it to the Clerk of Court for the Western District of North Carolina. (Rule 2 Order.)

Petitioner complied with the Court's initial instructions, but for reasons known only to him, mailed the completed § 2254 form to the Clerk of Court for the Eastern District of North Carolina, who docketed it as a new § 2254 petition. The Eastern District transferred the entire civil case to this Court. Because Petitioner failed to put his Western District case number on the § 2254 form, it was docketed here as a new civil action, as well. See § 2254 Pet., Koon v. Hooks, No. 1:18-cv-00111-FDW, Doc. No. 1. When it was discovered Petitioner had two open § 2254 habeas cases in this Court, the Clerk transferred the completed § 2254 form to the instant civil action, docketed it as an amended § 2254 petition, and closed the other case. (Doc. Nos. 16, 17.)

The Amended Petition raises one ground for relief – that trial counsel rendered ineffective assistance when he advised Petitioner to plead guilty to two counts of felony death by motor vehicle and one count of misdemeanor manslaughter of an unborn child although the "evidence supports all (3) counts as [misdemeanors]." (Am. § 2254 Pet. 5.) The Amended Petition does not allege any facts to support this claim.

II. **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its initial review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under

3

Rule 4 if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner's judgment was entered on June 2, 2014, when he was sentenced by the trial court. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). He did not appeal his convictions or sentences; therefore, Petitioner's judgment became final, at the latest, on or about June 16, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The statute of limitation then ran for 365 days until it fully expired on or about June 16, 2015, more than a year before Petitioner filed his § 1983 Complaint and more than two years before he filed his motion requesting that the Complaint be construed as a § 2254 petition. None of Petitioner's filings in the state courts after June 16, 2015, served to resurrect or restart the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Asked to explain why the statute of limitation does not bar the Court from

---

[2] AEDPA provides three alternate start dates for the statute of limitation. See § 2244(d)(1)(B)-(D). However, the Amended Petition does not allege any facts that support application of one or more of those alternate dates.

4

considering his habeas petition, Petitioner contends that the Court for the Eastern District, "liberally construed [the § 1983 Complaint] as a timely section 2254 [habeas] petition." (Am. § 2254 Pet. 13-14.)

The Eastern District did nothing of the sort. In granting Petitioner's Motion to Reconsider (Doc. No. 12), the court stated that "[g]iven the restriction[s] imposed on § 2254 petitions, including the one-year statue [sic] of limitations, the court finds that plaintiff has demonstrated a meritorious claim or defense" (Mar, 30, 2018 Order 2). A "meritorious claim or defense" finding is required to grant a Rule 60(b) motion, see Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); it is wholly unrelated to whether a claim may be barred by a statute of limitation. The Court for the Eastern District made no findings of fact or conclusions of law regarding the timeliness of the § 2254 petition.

For the reasons stated herein, Petitioner's Amended § 2254 Petition is barred by the statute of limitation. See § 2244(d)(1)(A). Accordingly, it shall be dismissed as untimely.

**IT IS THEREFORE ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, (Doc. No.17) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive

procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 17, 2018

Frank D. Whitney
Chief United States District Judge